IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ARTHUR ROY MORRISON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:18-CV-150-D |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On August 14, 2018, petitioner, a state prisoner at the Clements Unit, submitted a handwritten document entitled "Original Action from Texas Department of Criminal Injustice (sic) Division, Ignomious (sic) 282nd Criminal District Court No. F07-55832-S, Disciplinary Case No. 2018055755" wherein he appears to be attempting to initiate a federal habeas corpus action challenging a disciplinary proceeding conducted at the Clements Unit. On August 21, 2018, the Court ordered petitioner to submit to the Court, within twenty-one (21) days from the filing date of the Order, a properly completed form Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. A copy of the form petition was forwarded to petitioner with the Order. Petitioner was warned that failure to timely submit the form petition could result in the dismissal of this case without further notice.

On August 31, 2018, rather than submitting the form petition supplied to him, petitioner, instead, filed pleadings to "abrogate" the "farce form 28 § 2254" and urging the undersigned to

recuse from this case. On September 5, 2018, the Court denied petitioner's August 31, 2018 pleadings noting they were, for the most part, unintelligible or frivolous.

As of this date, petitioner has not submitted the ordered form in compliance with the August 21, 2018 Order and is in direct disregard of an Order of the Court. Nor has petitioner communicated with this Court in any manner since his August 31, 2018 pleadings. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case filed by petitioner ARTHUR ROY MORRISON be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 26, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line.   Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).   **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."   Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.   A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.   *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).